UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KELTON SPANN                                        CIVIL ACTION No. 21-00519

**VERSUS**                                             SECTION: T

BOGALUSA CLERK OF COURT OFFICE          MAGISTRATE: 3
AND DEPUTY CLERK TONIA DELEON

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, come Defendants, Bogalusa Clerk of Court's Office and Deputy Clerk Tonia Deleon, individually and in her official capacity, who respectfully submit this memorandum filed in support of their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and contend that for he reasons set forth more fully herein, the Plaintiff failed to state a cause of action against these Defendants for which relief may be granted under federal and/or Louisiana state law and Tonia Deleon is entitled to the protections of absolute and/or qualified immunity, thus, all of Plaintiff's claims against the Defendants pursuant to federal and/or Louisiana state law must be dismissed with prejudice as a matter of law and at Plaintiff's cost.

**I.**      **Plaintiff's Complaint**

Plaintiff admits that on June 17, 2019, he was arrested for resisting an officer by misrepresentation of his name, and moved to suppress a statement stemming from that arrest. (Doc. 1, ¶1)

Plaintiff admits Bogalusa City Court Judge Robert Black denied the motion to suppress the statement, therefore Plaintiff filed a motion to appeal the denial. (Doc. 1, ¶2)

Plaintiff admits Bogalusa City Court Judge Robert Black granted the appeal, but the Bogalusa City Court Clerk's Office and Deputy Clerk Tonia Deleon refused to perfect the appeal unless Plaintiff paid the applicable fees for the appeal preparation. (Doc. 1, ¶3)

Plaintiff admits that he filed a motion to waive any court costs regarding the criminal appeal, which was denied by Bogalusa City Court Judge Robert Black, despite Judge Black's determination that Plaintiff was indigent. (Doc. 1, ¶7)

Plaintiff admits that he sent a letter in February of 2021 to the Bogalusa Clerk's Office and Deputy Clerk Tonia Deleon notifying them of his belief that his rights were violated. (Doc. 1, ¶8)

Plaintiff further admits "The Bogalusa City Clerk's Office employee provided Plaintiff a letter with the costs for the appeal to be able to proceed with the appeal. In addition, Bogalusa City Clerk Office give plaintiff to a time limit to have the funds paid with no other options for plaintiff who is an indigent citizen of the City of Bogalusa." (Id.)

Plaintiff alleges the Defendants' conduct violated Kelton Spann's due process and equal protection rights under the 14th Amendment of the United States Constitution by not allowing plaintiff to appeal a criminal city conviction because plaintiff was indigent. (Doc. 1, ¶4)

Plaintiff further alleges that the defendants violated his Louisiana State Law rights to appeal a criminal misdemeanor conviction, and "the practice of the Bogalusa City Clerk Office violates all citizen rights who are indigent in charged with a municipal ordinance violation where you could spend 90 days to 6 months in a concentration camp and pay a hefty fine is the penalty for this violation." (Doc. 1, ¶5)

Plaintiff further alleges that the Defendants denied plaintiff the right to appeal because he was not able to pay the cost which violated his Equal Protection Rights and Due Process Right Clause under the 14th Amendment.(Doc. 1, ¶6)

Plaintiff further alleges additional conclusory allegations regarding the alleged discriminatory behavior of the Bogalusa City Court Clerk's Office without specific facts. (Doc. 1)

The Defendants submit that the admissions in the Complaint establish that the Bogalusa City Court Clerk's Office and employees merely followed and abided by the rules of court and orders issued by Bogalusa City Court Judge Robert Black as alleged; That no one from the Nbogalusa City Court Clerk's Office denied Plaintiff's attempt to take and appeal; that the individually named Defendant Tonia DeLeon did nothing but perform her duties as an employee of the Bogalusa City Court Clerk's Office; that the Plaintiff's allegations of wrongdoing are conclusory at best and do not set forth any specific facts to establish any viable cause of action against these particular Defendants, and therefore Plaintiff's claims must be dismissed with prejudice.

## II.   Procedural History and Facts of Record

The Defendants hereby respectfully urge this Honorable Court to take judicial notice of and accept the attached Bogalusa City Court Clerk's Office records pertaining to the June 17, 2019 arrest of Kelton Spann, subsequent prosecution, conviction and post conviction events, along with the attached Declaration of Bogalusa City Court Clerk Tonia DeLeon in support of this motion, which reveal the following indisputable accurate procedural history and material facts that appear to form the basis of the Plaintiff's Complaint:

- On June 17, 2019, Kelton Spann was arrested by members of the Bogalusa Police Department for resisting an officer by giving a false name and for a Failure to Appear Attachment. (Exs. A, B)

- Kelton Spann was booked into the Bogalusa Police Department Jail Facility and during that process executed a Rights of Arrestee Form. (Exs. A, C)

- On June 20, 2019, Kelton Spann posted a surety bond and was released pending a trial date set for August 26, 2019 in the Bogalusa City Court. (Exs. A, D)

- On June 25, 2019, a charge was filed in the Bogalusa City Court in the matter of "*City of Bogalusa/State of Louisiana versus Kelton Spann*", Citation No. 20191799 ("the Bogalusa City Court matter"), officially charging Kelton Spann with violation of the Bogalusa City Ordinance 70- Resisting Arrest/Officer for the June 17, 2019 offense. (Exs. A, E)

- On July 8, 2019, Kelton Spann filed a Motion for Discovery and Production of Dispatcher Report in the Bogalusa City Court matter.  (Exs. A, F)

- On July 9, 2019, Bogalusa City Court Judge Robert Black issued an Order setting the Motion for Discovery and Production of Dispatcher Report for hearing on August 26, 2019. (Exs. A, G)

- On July 16, 2019, Kelton Spann filed a Motion for Production of Incident Report in the Bogalusa City Court matter.  (Exs. A, H)

- On July 16, 2019, Bogalusa City Court Judge Robert Black issued an Order granting the motion to produce incident report.   (Exs. A, I)

- On August 26, 2019, Kelton Spann appeared in the Bogalusa City Court for Arraignment and entered a plea of not guilty to the charge of violation of Bogalusa City Ordinance 70- Resisting Arrest/Officer, and trial was then set for November 18, 2019. The City Court also determined that Kelton Spann was indigent for purposes of appointment of counsel and appointed the public defender to represent him. (Exs. A, J)

- On November 4, 2019, Kelton Spann filed a Motion to Suppress Statement. On November 6, 2019, Judge Robert Black set the motion for hearing on November 18, 2019, the trial date for the resisting offense.  (Exs. A, K)

- On November 18, 2019, Kelton Spann appeared in the Bogalusa City Court pro se. After hearing argument, the Motion to Suppress Statement was denied by Judge Robert Black. As a result, Kelton Spann withdrew his former plea of not guilty and entered a plea of guilty to violation of Bogalusa City Ordinance 70- Resisting Arrest/Officer, and was sentenced to pay $100 plus costs and 24 hours community service on or before January 6, 2020. Kelton Spann was issued a summons to appear January 6, 2020 for a hearing to determine whether Kelton Spann had completed his sentence.  (Exs. A, L)

- On December 10, 2019, Kelton Spann filed a Notice of Appeal in the Bogalusa City Court to appeal the November 18, 2019 denial of the Motion to Suppress Statement to the Louisiana First Circuit Court of Appeal. Kelton Spann included a request for a return date and that the transcript be forwarded to the appellate court by the Bogalusa Clerk's Office. (Exs. A, M)

- On December 10, 2019, Bogalusa City Court Judge Robert Black issued an order stating that the appeal should go to the 22nd Judicial District Court in Franklinton, Louisiana. (Exs. A, N)

- On December 26, 2019, Kelton Spann filed a Motion to Stay Proceeding of Penalty Pending Resolution of Case on Appeal in the Bogalusa City Court in an effort to stay his sentence and avoid payment of the fine and court costs as ordered on November 18, 2019. (Exs. A, O)

- On January 6, 2020, Kelton Spann appeared in the Bogalusa City Court to show cause as to whether he complied with the November 18, 2019 sentence as ordered. Spann was granted an extension to pay his Court fines and fees until March 16, 2020.  (Exs. A, P)

- On January 8, 2020, the Bogalusa City Court granted the Motion to Stay and ordered that no penalty was required until after the disposition of the appeal.  (Exs. A, Q)

- On January 9, 2020, the Bogalusa City Clerk's Office issued a letter to Kelton Spann notifying him that there was a $100.00 preparation fee to file the Motion for Appeal and a $55.50 fee for a certified copy of the record to be submitted to the 22nd Judicial District Court in Franklinton, Louisiana. The letter further stated that Spann had 14 days from the date of the notification to pay the above listed fees, or the Motion and Appeal would be denied. Kelton Spann did not pay the designated fees or ask the City Court Judge to waive the fees within 14 days of the letter.  (Exs. A, R)

- The Bogalusa City Court sets it's schedule of fees for services including the costs of a criminal appeal and preparation of the record for appeal on a schedule of fees issued by the Louisiana 1st Circuit Court of Appeal pursuant to La.R.S. 13:352 and 352.1, La. R.S. 13:10(E) and La. R.S. 44:32. (Exs. A, S)

- On January 27, 2020, Kelton Spann filed a Motion to Appeal Criminal Misdemeanor Conviction without Payment of Cost for Transcript in the Bogalusa City Court. (Exs. A, T)

- On, February 26, 2020, Bogalusa City Court Judge Robert Black denied the Motion to Appeal Criminal Misdemeanor Conviction without Payment of Cost for Transcript filed by Kelton Spann." (Exs. A, U)

- On May 14, 2020, a summons was issued for Kelton Spann to appear on June 3, 2020 to show cause why his November 18, 2019 sentence to pay fines and costs in the amount of $262.50 had not been satisfied. (Exs. A, V)

- On June 1, 2020, Kelton Spann appeared in the Bogalusa City Court and paid $262.50 to satisfy his November 18, 2019 sentence and was discharged from the court on that case. (Exs. A, W)

### III.     Motion to Dismiss Standard

The question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018); *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 199-200 (5th Cir. 2016).

Factual allegations of the complaint must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As such, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570); *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014); *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795–96 (5th Cir.2011). In this vein, the court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible - not to evaluate the plaintiff's likelihood of success. *Cicalese v. University of Texas Mededical Branch*, 924 F.3d 762, 768 (5th Cir. 2019); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010) (citing *Iqbal*, 556 U.S. at 678). While the pleading standard announced in Rule 8 does not require detailed factual allegations, "it demands more than an unadorned the-defendant-unlawfully-

harmed-me accusation." *Iqbal*, 556 U.S. at 678.  In other words, mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do.  *Twombly*, 550 U.S. at 555.

In short, while the court must make all inferences in a manner favorable to the plaintiff, plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.  *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir.2010).

**IV.   Summary of the Argument**

The Defendants hereby move to dismiss Plaintiff's claims, because the Bogalusa City Court Clerk's Office is not a legal entity and cannot be sued; Tonia DeLeon did not individually and/or officially deny any attempt by Kelton Spann to appeal his criminal case; Tonia DeLeon as Clerk of the Bogalusa City Court is entitled to absolute and/or qualified immunity from suit; and the procedural history and indisputable facts set forth in the Bogalusa City Court Clerk's records, the Declaration of Tonia DeLeon and the Plaintiff's admissions in the Complaint establish that Plaintiff's claims against the Defendants do not state a viable and/or plausible cause of action, therefore all claims against the Defendants must be dismissed with prejudice.

**V.   Bogalusa Clerk of Court's Office Cannot Be Sued**

Plaintiff sued the Bogalusa Clerk of Court's Office and erroneously alleges that the department is liable unto Plaintiff because "the practice of the Bogalusa City Clerk Office violates all citizen rights who are indigent in charged with a municipal ordinance violation where you could spend 90 days to 6 months in a concentration camp and pay a hefty fine is the penalty for this violation."(Doc. 1, ¶5). The Bogalusa Clerk of Court's Office is not a legal entity capable of being sued and is therefore not a proper defendant to this lawsuit. Therefore, Plaintiff's claims against the

Bogalusa Clerk of Court's Office is impossible as a matter of law and must be dismissed with prejudice.

## VI. Plaintiff's Allegations Fail to Raise Cause of Action

La. R. S. 1381 (20)(21) specifically provides authority for any clerk's office of a criminal district court in the State of Louisiana to charge fees for the services of the clerk for making transcript of appeal, and for making copies.

La. R.S. 13:4532 specifically states that the clerk of the court from which an appeal is taken is not required to deliver the transcript of the record of the case before his fees for preparing same have been paid.

As indicated by the Plaintiff's Complaint and the Bogalusa City Court records attached hereto, Plaintiff's motion to appeal his criminal matter was denied by Bogalusa City Court Judge Robert Black for failure to timely pay the Court fees necessary for preparation of the Court record.

The fees charged by the Bogalusa City Court Clerk's Office to prepare the record on appeal and the Bogalusa City Court Judge's decision to deny Plaintiff's motion for appeal due to failure to timely pay the fees and failure to timely move for a waiver of those fees does not implicate or establish any constitutional or federal statutory right that would make the alleged conduct actionable under 42 U.S.C. §1983. The right to an appeal is a state stautory right and not a constitutional right. *See Able v. Bacarisse*, 131 F.3d 1411 (5th Cir. 1998).

The Bogalusa City Court records and the Complaint reveal that Plaintiff was notified of the fees for the appeal, failed to pay the $155.00 fees to prepare the record for appeal, and failed to ask the Bogalusa City Court Judge to waive the fees within 14 days of the January 9, 2020 notice issued by the Bogalusa City Court Clerk. Furthermore and more importantly, the records also reveal that

Bogalusa City Court Judge Robert Black considered Plaintiff's Motion to Appeal Criminal Misdemeanor Conviction without Payment of Cost for Transcript and denied Plaintiff's motion being filed untimely. The Defendants submit that Plaintiff's allegations are conclusory at best and wholly unsupported by the Complaint, the record and by the law, therefore must be dismissed with prejudice.

### VII. Bogalusa Clerk of Court Tonia DeLeon Entitled Immunity From Suit

The doctrine of quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994). The doctrine extends to court auxillary personnel because of the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts. *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir.1992). In this light, one court has explained that to give blanket protection to the judges while at the same time denying protection to the subordinates acting at the judges' express direction would be perverse, egregiously unfair, and ultimately unworkable. *Abron v. Clerk of Court*, 2011 WL 4006602, *4 (E.D.La. August 5, 2011) (M.J. Roby), (citing *Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir.1996), *report and recommendation adopted*, 2011 WL 4007855 (E.D. La. September 8, 2011) (J. Berrigan)

To determine whether non-judicial actors perform quasi-judicial functions, and thus are entitled to immunity, courts must look to the nature of the function performed, not the identity or title of the actor who performed it. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Finally, the court should apply immunity factors broadly in favor of immunity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

Importantly, like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), citing *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872).

Furthermore, judicial immunity is applicable in cases where civil rights violations are alleged. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson*, 386 U.S. at 554-555. Despite the broad terms of §1983, the Supreme Court has long recognized that established absolute immunity doctrines were not abrogated by the statute. *Rehberg v. Paulk*, 566 U.S. 356, 361, 132 S.Ct. 1497, 182 L.Ed.2d 593, (2012); *Tenney v. Brandhove*, 341 U.S. 367, 376, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). Judicial auxillary personnel are considered to be local officials and by extension a state actor under Section 1983. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001).

In light of the above, it is abundantly clear that court clerks have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion. *Burnett v. Denman*, 368 Fed.Appx 603, 604 (5th Cir. 2010); *Clay*, 242 F.3d at 682; *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). Judicial directives that cloak court employees with absolute immunity may be formal and official, such as a court order, or more informal, such as verbal communication from a judge. *LaFrance v. New Orleans City*, 2017 WL 1050495, *4 (E.D. La. March 17, 2017) (J. Vance); *Cain v. City of New Orleans*, 184 F. Supp. 3d 379, 391 (E.D. La. 2016) (J. Vance).

The rationale for absolute immunity is that, in this limited group of functions, the clerk of

court acts as the arm of the judge and comes within his absolute immunity. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). As such, damages will not be awarded for a clerk's actions of this type even if in bad faith or with malice. *Severin v. Parish of Jefferson*, 357 Fed.Appx. 601, 605 (5th Cir. 2009); *Williams*, 612 F.2d at 985.

A court clerk also enjoys qualified immunity for those routine duties not explicitly commanded by a court decree or by the judge's instructions. *Clay*, 242 F.3d at 682; *Tarter*, 646 F.2d at 1013.

In this case, Plaintiff alleges that Tonia DeLeon as Deputy Clerk of the Bogalusa City Court and another unidentified employee of the Clerk's Office asked him to pay filing fees set by the Court to complete his attempt to appeal his criminal case. In fact, the only allegations against Tonia DeLeon are that she refused to perfect the appeal unless Spann paid for the appeal preparation. (Doc. ¶3, ¶6) Therefore, Plaintiff is seeking to sue Tonia DeLeon for carrying out the duties and tasks required of her as an employee of the Bogalusa City Court and at the direction of the Bogalsa City Court Judge. In addition, Plaintiff does not allege that Tonia DeLeon actually was involved in and/or made any decision on whether to require Plaintiff to pay the appropriate fees to prepare the record for appeal, whether those fees could or should be waived, and/or whether to deny the motion for appeal.

To the contrary, Plaintiff admits in the Complaint at paragraph 8 that the Bogalusa City Clerk's Office employee provided him written notice of the cost for the appeal to be able to proceed with the appeal and the time limit within which to pay the fees. The record further establishes that rather than pay the fees timely, the Plaintiff chose to wait and file a Motion to Appeal Criminal Misdemeanor Conviction without Payment of Cost for Transcript, but it was denied by Judge Robert

Black for being filed untimely. As a result, Plaintiff failed to assert facts against Tonia DeLeon sufficient to assert any viable or plausible cause of action against her for violation of the Plaintiff's constitutional rights under federal and/or Louisiana State law, and Tonia DeLeon is entitled to the protections of qualified immunity at a minimum and certainly should be entitled to absolute immunity, and therefore all of Plaintiff's claims must be dismissed with prejudice.

**VIII.   Qualified Immunity under Louisiana State Law**

Under Louisiana law, liability shall not be imposed on public officers or employees based on the exercise or performance or the failure to exercise or perform discretionary acts when such acts are within the course and scope of their lawful powers and duties. LSA-RS 9:2798.1 (B).

At all times herein, the actions of the Bogalusa Clerk of Court's Office and/or Tonia DeLeon were purely administerial, in furtherance of the obligations of the Clerk of Court in carrying out the orders and/or directives of the Bogalusa City Court Judge and were discretionary acts taken within the course and scope of the lawful powers of the Clerk of Court's Office. As such, Tonia DeLeon respectfully moves this Honorable Court to declare that she is entitled to the protections of qualified immunity afforded in the provisions of LSA-RS 9:2798.1 and order that all of the Plaintiff's claims against her under Louisiana state law must be dismissed with prejudice and at Plaintiff's cost.

**VI.   Conclusion**

As set forth above, it is clear from the record that the Bogalusa City Court Clerk's Office is not a legal entity and cannot be sued; Tonia DeLeon as Clerk of the Bogalusa City Court is entitled to absolute and/or qualified immunity from suit; and the procedural history and indisputable facts set forth in the Bogalusa City Court Clerk's records and the Declaration of Tonia DeLeon establish that Plaintiff cannot prove any set of facts to support his claims against the named Defendants, and

therefore all claims against the Defendants must be dismissed with prejudice and at the Plaintiff's costs.

Respectfully submitted,

NIELSEN & TREAS, L.L.C.

*/s/ Keith M. Detweiler*
Keith M. Detweiler, La. S.B. #20784
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
P: (504) 837-2500
F: (504) 603-0730
Counsel for Defendants, the Bogalusa City Court Clerk's Office and Tonia DeLeon

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of June, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to Plaintiff Pro Se**.**

 */s/ Keith M. Detweiler*
Keith M. Detweiler